JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Clarence E. Howard, | ) | No. CV 1-08-1236-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| W.J. Sullivan, et al., | ) | |
| Defendants. | ) | |

Clarence E. Howard, who is confined in the California Correctional Institution in Tehachapi, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. #1.) The Court dismissed the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure with leave to amend. (Doc.# 9.) After obtaining an extension of time, Plaintiff filed a First Amended Complaint. (Doc.# 12.) The Court will dismiss the First Amended Complaint without leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. First Amended Complaint

In his First Amended Complaint, Plaintiff sues Defendants Institution Classification Committee Chairperson K. Holland and CCI L. Prieto. The identity of the named defendants is the only thing that is clear in the First Amended Complaint. Identification of the relevant facts and interpretation of Plaintiff's intended meaning in his rambling narrative is substantially more difficult. Notwithstanding the Court's explicit instruction that "Plaintiff may allege only one claim per count" (Doc. #9 at 5), he asserts at least five different claims—double jeopardy, due process, retaliation, equal protection, and cruel and unusual punishment—scattered throughout his single-count, 74-paragraph First Amended Complaint.

Although the specific facts underlying Plaintiff's claims are difficult to discern, it is apparent that they involve his commitment to administrative segregation. Plaintiff alleges that he was falsely accused of rules violations on six occasions, each of which resulted in terms of confinement in administrative segregation: (1) on July 20, 2001, he was given a 12-month minimum eligibility release date ("MERD"); (2) on October 10, 2001, he was given a 4-month MERD; (3) on June 12, 2003, he was given a 9-month MERD; (4) on April 11,

1  2003, he was given an 18-month MERD; (5) on May 6, 2003, he was given a 45-day MERD;
2  (6) on March 2, 2004, he was given a 18-month MERD. Plaintiff does not, however, allege
3  that either Defendant Holland or Defendant Prieto were involved in any of those disciplinary
4  events. The six disciplinary events are apparently presented only as background for
5  Plaintiff's claims against Defendants Holland and Prieto.

6  Plaintiff alleges that at a hearing held on August 14, 2009, Defendants Holland and
7  Prieto, acting as members of the Institution Classification Committee, classified Plaintiff for
8  an indeterminate term in administrative segregation. Although the claims are murky,
9  Plaintiff appears to contend that Defendants' decision subjected him to double jeopardy
10 because the basis for his indeterminate classification included the incidents underlying his
11 prior disciplinary convictions. Plaintiff also makes conclusory claims that his classification
12 to administrative segregation was cruel and unusual punishment, violated his due process and
13 equal protection rights, and was retaliatory. The facts alleged by Plaintiff are insufficient to
14 give rise to a cognizable claim under any of these theories.

15 **III.    Failure to State a Claim**

16 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
17 conduct about which he complains was committed by a person acting under the color of state
18 law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
19 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional
20 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
21 a particular defendant, and he must allege an affirmative link between the injury and the
22 conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

23     **A.    Double Jeopardy**

24 The Fifth Amendment's Double Jeopardy Clause does not apply to a prison's
25 administrative determination that disruptive conduct requires transfer to a higher security
26 facility. United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) ("such sanctions can still
27 be explained solely as serving the government's remedial purpose of maintaining institutional
28 order—they are designed to punish only insofar as such sanctions enable the government to

fulfill its remedial goals"). Accordingly, Plaintiff's allegations concerning his excessive confinement in administrative segregation do not state a claim under the Double Jeopardy Clause.

### B. Due Process

When prison officials classify a prisoner to even the harshest administrative segregation unit, due process only requires notice to the prisoner of the charges against him and a chance for the prisoner to present his views. Wilkinson v. Austin, 545 U.S. 209, 225-229 (2005); Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Plaintiff does not allege that he was not given notice and an opportunity to be heard before he was classified to administrative segregation. In fact, Plaintiff affirmatively alleges that he was given a hearing before Defendants Holland and Prieto at which he explained that he should not be classified to administrative segregation because his prior "MERD had expired." (Doc. #12 at 4.) Because Plaintiff fails to allege that he was deprived of any constitutionally required procedural protection, he has failed to state a cognizable due process claim.

### C. Equal Protection

A plaintiff can establish an equal protection claim in one of two ways: (1) by showing that a fundamental right is involved or that a defendant intentionally discriminated against him on the basis of his membership in a suspect class, such as race, see Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); or (2) by showing that he is a member of an identifiable class, that he was intentionally treated differently from others similarly situated, and that there was no rational basis for the different treatment, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff does not allege either that a fundamental right is involved or that he is a member of a suspect class. Nor does he allege that Defendants treated him differently from similarly situated prisoners without a rational basis and based upon an impermissible motive. Plaintiff alleges only that "both defendants acts are motivated by racial-classed [sic] based invidious discriminatory animus." (Doc. #12 at 7.) But Plaintiff offers no facts to support this threadbare recital of the elements of an equal protection cause of action—he does not even allege that his race is different than the race of the Defendants. In fact, Plaintiff alleges

- 4 -

that the reason for his classification to administrative segregation was the conduct underlying his six prior disciplinary offenses—not his race. Accordingly, Plaintiff has failed to state a cognizable equal protection claim.

### D. Retaliation

To state a viable First Amendment retaliation claim, a prisoner must allege facts supporting five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) *because of* (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (emphasis added). "To prevail on a retaliation claim, a plaintiff must show that his protected conduct was 'the "substantial" or "motivating" factor behind the defendant's conduct.'" Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Plaintiff does not allege that Defendants knew of, and acted classified him to administrative segregation *because of*, his prior exercise of his First Amendment rights. Plaintiff's threadbare and conclusory assertion that Defendants Holland and Prieto retaliated against him does not suffice to state a plausible First Amendment retaliation claim against them. See Iqbal, 129 S. Ct. at 1937.

### E. Cruel and Unusual Punishment

Classification of a prisoner to administrative segregation for an indeterminate term, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See Toussaint v. Yockey, 722 F.2d 1490, 1494 n. 6 (9th Cir. 1984) (more than the usual hardships associated with administrative segregation are required to state an Eighth Amendment claim). Moreover, "prison officials have a legitimate penological interest in administrative segregation, and they must be given wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) (internal quotations omitted).

A prisoner can state a cruel and unusual punishment claim only by alleging sufficient facts to support an inference that the defendants acted with "'deliberate indifference' to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 828 (1994). The Supreme Court has set out a two part test for deliberate indifference. "First, the alleged constitutional deprivation must be, objectively, 'sufficiently serious'" *i.e.*, the official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834. The Supreme Court has further defined this subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In his First Amended Complaint, Plaintiff fails to set forth specific facts to support a claim that Defendants Holland and Prieto were aware that their actions deprived Plaintiff of "'the minimal civilized measure of life's necessities'" or presented a serious risk of harm. Plaintiff alleges that in administrative segregation he has been deprived of personal property, prevented from working or gaining an education, denied contact visits, and provided with only one hour of outdoor exercise per week. But he does not allege that Defendants Holland and Prieto were responsible for these conditions or that they were subjectively aware of them. In its prior Order, the Court warned Plaintiff that in his amended complaint he must allege that he "suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant." (Doc. #9 at 3.) Plaintiff has not complied with that requirement. Accordingly, Plaintiff has failed to state a cognizable claim for violation of his Eighth Amendment rights.

**IV.    Motion to Amend**

Plaintiff has filed a Motion to Amend (Doc. #13) seeking leave to amend his complaint to add to his demand a claim for $1,000 compensatory damages and $2,000 punitive damages per day for every day he has spent in administrative segregation. Because

1  Plaintiff does not seek leave to amend in order to allege additional facts in support of his
2  claims for relief, and because the Court has determined that he has failed to state any
3  cognizable claims for relief, his Motion to Amend will be denied.

4  **V.     Dismissal without Leave to Amend**

5  As no claim remains, the Court will dismiss the First Amended Complaint and this
6  action. Leave to amend need not be given if a complaint as amended is subject to dismissal.
7  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's
8  discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously
9  been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United
10 States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous
11 amendments is one of the factors to be considered in deciding whether justice requires
12 granting leave to amend. Moore, 885 F.2d at 538. The Court has reviewed the First
13 Amended Complaint and finds that further amendment of Plaintiff's claims would be futile.
14 The Court will therefore dismiss the First Amended Complaint without leave to amend.

15 **IT IS HEREBY ORDERED:**

16 (1)    That Plaintiff's Motion to Amend (Doc. #13) is **denied**

17 (2)    That the First Amended Complaint (Doc. #12) and this action are **dismissed**
18 for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must
19 enter judgment accordingly.

20 (3)    That the Clerk of Court must make an entry on the docket stating that the
21 dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

22 DATED this 7th day of June, 2010.

G. Murray Snow
United States District Judge